**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LOOP LOFTS APARTMENTS, LLC,                )<br>                                                                        )<br>            Plaintiff,                                            )<br>                                                                        )<br>    vs.                                                              )             Case No. 4:23-cv-00699-MTS<br>                                                                        )<br>WRIGHT NATIONAL FLOOD                         )<br>INSURANCE COMPANY, *et al.*,                   )<br>                                                                        )<br>            Defendants.                                     )  | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Stephen Butz and Michael Butz's Motion to Dismiss, Doc. [23], in which they seek the dismissal of the single claim against them in Plaintiff's Complaint or, in the alternative, a more definite statement. For the reasons explained below, the Court will grant the Motion to Dismiss, dismiss Plaintiff's claim against Defendants Stephen Butz and Michael Butz, and provide Plaintiff leave to file a First Amended Complaint.

**I.      Background**

The St. Louis area experienced historic flash flooding during the week of July 25, 2022, flooding that Plaintiff alleges caused over three million dollars in damages to three buildings it just had purchased. Fortunately for Plaintiff, it had insurance coverage on each of the three buildings through Defendant Wright National Flood Insurance Company ("Wright Flood"). Unfortunately for Plaintiff, even though it has performed all of its conditions precedent to its contracts of insurance with Wright Flood, Plaintiff has yet to receive full payments for the damages it says were covered under the insurance policies. Accordingly, in Count One, Plaintiff brings a breach of contract claim against Wright Flood.

Plaintiff alleges that its problems go a step further. Enter Count Two. Though it has sustained over three million dollars in damages, each building only had coverage for five hundred thousand dollars. Because of this shortfall, in Count Two, Plaintiff brings a claim for negligence against Defendant Stephen Butz, Defendant Michael Butz, and Defendant Norbert A. Butz Insurance Agency, Inc. Plaintiff alleges that these three Defendants collectively "agreed to procure insurance for Plaintiff in such sum as to fully protect Plaintiff from any loss." Doc. [3] ¶ 22. Plaintiff further alleges that these three Defendants collectively "represented to Plaintiff" that coverage was in place, which led to Plaintiff closing on the purchase of the three properties. *Id.* ¶ 24. Only after the loss did Defendant Stephen Butz, Defendant Michael Butz, and Defendant Norbert A. Butz Insurance Agency, Inc. collectively "advise[]" Plaintiff that they had made a "mistake" on the application. *Id.* ¶ 26.

## II.     Legal Standard

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the plaintiff fails to adequately plead, Rule 12(b)(6) allows a party to move to dismiss a purported claim that "fail[s] to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). The factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

A court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and must grant all reasonable inferences in favor of the nonmoving party, *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010). Although courts must accept all factual allegations within the complaint as true at the motion to dismiss stage, courts are not bound to take as true "a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 677–78; *accord Twombly*, 550 U.S. at 555. Indeed, "[c]ourts should dismiss complaints based on 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Twombly*, 550 U.S. at 555).

### III.   Discussion

Plaintiff brings a single claim against Defendant Stephen Butz and Defendant Michael Butz for negligent failure to procure insurance.[1] "Missouri courts have long held that a broker or agent who undertakes to procure insurance for another for compensation owes a duty of reasonable skill, care, and diligence in obtaining the requested insurance." *Busey Truck Equip., Inc. v. Am. Fam. Mut. Ins. Co.*, 299 S.W.3d 735, 738 (Mo. Ct. App. 2009) (Cohen, J.); *see also, e.g.*, *Harris v. A. P. Nichols Inv. Co.*, 25 S.W.2d 484, 487 (Mo. Ct. App. 1930). To plead a claim of negligent failure to procure insurance, a plaintiff must plead facts showing that (1) the agent agreed to procure, for compensation, insurance from the insurance company, (2) the agent failed to procure the agreed upon insurance and, in so doing, failed to exercise reasonable care and diligence, and (3) as a result, the plaintiff suffered damages. *Busey Truck*, 299 S.W.3d at 738;

---

[1] As noted previously, Plaintiff also brings this claim against Defendant Norbert A. Butz Insurance Agency, Inc. That Defendant did not join the instant Motion to Dismiss.

*see also Bucksaw Resort, LLC v. Mehrtens*, 414 S.W.3d 39, 43 (Mo. Ct. App. 2013); 30 *Mo. Practice Series: Ins. Law & Practice* § 2:11 (2d ed.).

Here, Defendants Stephen Butz and Michael Butz argue that Plaintiff has failed to plausibly allege that they "agreed to procure, for compensation, insurance for [Plaintiff] from Wright [Flood]." The Court agrees. At least on this Count as to Defendants Stephen Butz and Michael Butz, Plaintiff's Complaint has two faults: (1) the allegations are exclusively collective and (2) they are conclusory.[2] Plaintiff brings Count Two against Stephen Butz and Michael Butz along with Norbert A. Butz Insurance Agency, Inc. Plaintiff alleges that Stephen Butz, Michael Butz, and Norbert A. Butz Insurance Agency, Inc. "own and operate an insurance agency using the fictitious name of Crawford Butz & Associates Insurance Agency." Doc. [3] ¶ 3. Plaintiff further alleges that Stephen Butz and Michael Butz are "listed" as 50-50 co-owners of the fictitious name "Crawford Butz & Associates Insurance Agency." *Id.* ¶ 21.

Plaintiff makes all of its other allegations pertaining to Stephen Butz and Michael Butz collectively. The Complaint defines Defendants "Stephen Butz, Michael Butz[,] and Norbert A. Butz" "collectively as 'Butz'" and then proceeds to make a formulaic recitation of the elements, broadly stating what "Butz" did or failed to do. *See, e.g.*, Doc. [3] ¶ 22 ("Butz agreed to procure insurance"); *id.* ¶ 24 ("Butz represented to Plaintiff" that coverage was in place); *id.* ¶ 26 ("Butz advised" that a mistake had been made on the application "by the Defendants Butz"); *id.* ¶ 28 ("Butz failed to provide" the agreed upon insurance).

---

[2] In opposition to the Motion to Dismiss, Plaintiff writes that "the Court must accept the allegations contained in the Complaint as true." Doc. [28] at 4 (citing *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 555 (8th Cir. 2006)). That statement is less than wholly accurate. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *id.* at 679 ("*When there are well-pleaded factual allegations*, a court should assume their veracity." (emphasis added)); *id.* at 681 ("[T]he allegations are conclusory and not entitled to be assumed true.").

Plaintiff's exclusively collective pleading does not survive a motion to dismiss after *Iqbal* and *Twombly*. As the United States Court of Appeals for the Seventh Circuit has explained,

> *Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a plausible claim. A contention that "the defendants looted the corporation"—without any details about who did what—is inadequate. Liability is personal. An allegation that someone looted a corporation does not propound a plausible contention that a particular person did anything wrong. The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed.

*Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *accord Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) (per curiam).

Plaintiff's "non-specific reference to [Butz] as a collective group does not obviate [Plaintiff's] obligation to plead facts that would plausibly impose liability on each Defendant individually." *See Smith v. Bank of Am., N.A.*, 4:13-cv-0333-ODS, 2013 WL 4735632, at *4 (W.D. Mo. Sept. 3, 2013). While it is permissible to plead against defendants collectively at times, it somewhere must be "clearly alleged how each of them is liable under that count." *See United States v. Genesis Glob. Healthcare*, 4:18-cv-00128-RSB, 2023 WL 3656925, at *6 (S.D. Ga. May 25, 2023) (denying motion to dismiss where complaint collectively pleaded in places but elsewhere also adequately alleged "factual allegations concerning each [d]efendant's role").

Amplifying the conclusion that Count Two does not survive a motion to dismiss after *Iqbal* and *Twombly* is the Complaint's formulaic recitation of the elements and its naked assertions devoid of factual enhancement. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiff, of course, had no requirement to plead *specific* facts; the issue here is Plaintiff failed to provide any factual enhancement at all related to integral elements necessary to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that

is plausible on its face."); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) ("Specific facts are not necessary[.]"); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." (internal quotations and citations omitted)).

For example, Plaintiff's allegations that Defendants Stephen Butz and Michael Butz, along with Norbert A. Butz Insurance Agency, Inc., "agreed to procure insurance for Plaintiff," Doc. [3] ¶ 22, may "get[] the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557 (quoting *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999) ("[T]erms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation—for example, identifying a written agreement or even a basis for inferring a tacit agreement, . . . but a court is not required to accept such terms as a sufficient basis for a complaint")); *accord Iqbal*, 556 U.S. at 680–81 (finding allegation that the defendants "'knew of, condoned, and willfully and maliciously agreed to subject [the plaintiff]' to harsh conditions of confinement" were "bare assertions" that were "not entitled to the assumption of truth").

## CONCLUSION

Plaintiff's Complaint has not "nudged" its claim against Defendants Stephen Butz and Michael Butz for negligent failure to procure insurance "from conceivable to plausible." *See Iqbal*, 556 U.S. at 680; *Twombly*, 550 U.S. at 570.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Stephen Butz and Michael Butz's Motion to Dismiss, Doc. [23], is **GRANTED**.  Count Two of Plaintiff's Complaint is **DISMISSED** as to Defendants Stephen Butz and Michael Butz.

**IT IS FURTHER ORDERED** that Plaintiff may file a First Amended Complaint no later than **Monday, October 16, 2023**.  If Plaintiff does not file a First Amended Complaint, this action as to Defendants Stephen Butz and Michael Butz will be dismissed.

Dated this 29th day of September 2023.

                                        MATTHEW T. SCHELP
                                      UNITED STATES DISTRICT JUDGE