# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LOOP LOFTS APARTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-00699-MTS |
| | ) | |
| WRIGHT NATIONAL FLOOD | ) | |
| INSURANCE COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Stephen Butz and Michael Butz's Motion to Dismiss Plaintiff's First Amended Complaint. Doc. [35]. The Court previously granted Defendants Stephen Butz and Michael Butz's Motion to Dismiss Plaintiff's original complaint as to them for failure to state a claim upon which relief could be granted, but the Court provided Plaintiff leave to file a First Amended Complaint. Doc. [31] (2023 WL 6381423). Plaintiff filed its First Amended Complaint, Doc. [34], and Defendants Stephen Butz and Michael Butz filed the instant Motion to dismiss it.

Plaintiff failed to timely oppose Defendants' Motion to Dismiss the First Amended Complaint. *See* E.D. Mo. L.R. 4.01(B). After its time to oppose the Motion had passed, and without explanation or even an attempt to show excusable neglect, see Fed. R. Civ. P. 6(b), Plaintiff filed a combined, yet terse, Motion for Leave to File Second Amended Complaint and Response to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Doc. [39]. Because Plaintiff's combined opposition and Motion for Leave fails to provide any substantive response to portions of Defendants' Motion and because the opposition was

untimely, the Court concludes Plaintiff waived its opposition to Defendants' Motion. *See JMF Med., LLC v. Team Health, LLC*, 490 F. Supp. 3d 947, 981 (M.D. La. 2020) ("A failure to oppose the substance of an argument is a waiver and dismissal is proper on these grounds alone."); *see also Scott v. State of Tenn.*, 878 F.2d 382 (6th Cir. 1989) (per curiam) ("Because the plaintiff failed to make a timely response to defendants' motion, the district court properly deemed the plaintiff to have waived his objections and found the defendants' motion to be meritorious."); *Farraj v. Cunningham*, 659 F. App'x 925, 927 (9th Cir. 2016) (per curiam) (affirming the district court's dismissal of plaintiff's complaint based on his failure to oppose motions to dismiss).

Even so, on the Court's own review, the Court concludes that neither Plaintiff's First Amended Complaint nor its proposed Second Amended Complaint fully addresses the deficiencies noted in the Court's Memorandum and Order granting Defendants Stephen Butz and Michael Butz's original Motion to Dismiss. Doc. [31] (2023 WL 6381423). Plaintiff's claim against Defendants Stephen Butz and Michael Butz in the First Amended Complaint, and the proposed Second Amended Complaint, still is pleaded in an entirely collective manner and remains devoid of any factual enhancement. Thus, Plaintiff still has not "nudged" its claim against Defendants Stephen Butz and Michael Butz for negligent failure to procure insurance "from conceivable to plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint, Doc. [33], is **GRANTED**. *See* Doc. [31] at 7.

**IT IS FURTHER ORDERED** that Defendants Stephen Butz and Michael Butz's Motion to Dismiss the First Amended Complaint, Doc. [35], is **GRANTED**.  Count Two of Plaintiff's First Amended Complaint is **DISMISSED** as to Defendants Stephen Butz and Michael Butz.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint, Doc. [39], is **DENIED**.

An Order of Partial Dismissal dismissing Defendants Stephen Butz and Michael Butz from this action will be entered herewith.

Dated this 9th day of November 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE