**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LOOP LOFTS APARTMENTS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WRIGHT NATIONAL FLOOD INSURANCE ) <br> COMPANY, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 4:23-cv-00699-MTS |

## MEMORANDUM AND ORDER

Former Defendant Wright National Flood Insurance Company ("Wright") removed this action pursuant to 28 U.S.C. § 1441(a) maintaining that this Court had federal question jurisdiction under 28 U.S.C. § 1331, through 42 U.S.C. § 4072, over Plaintiff's claims against Wright. The Court had subject matter jurisdiction over the remaining claims under 28 U.S.C. § 1367(a). Plaintiff, Defendant Wright, and Defendant Norbert A. Butz Insurance Agency, Inc. jointly moved to Dismiss Defendant Wright without prejudice, Doc. [48], and the Court granted the Motion, Doc. [50].

When supplemental jurisdiction over a claim exists under § 1367(a), a district court may decline to exercise supplemental jurisdiction when the court has dismissed all claims over which it has original jurisdiction. § 1367(c). A district court's decision to exercise supplemental jurisdiction in such circumstances is "purely discretionary." *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009). District courts should balance factors "such as judicial economy, convenience, fairness and comity in regard to exercise of supplemental jurisdiction over pendent state law claims." *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006). The U.S. Court of Appeals for the Eighth Circuit has explained that "in the usual case in which all

- 2 -

federal-law claims are eliminated before trial," like here, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *accord Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).

No later than **Thursday, November 30, 2023**, the parties shall submit briefs that detail their positions on whether the Court should exercise jurisdiction over the remaining state-law claims here. The briefs should also address whether, if the Court declines to exercise jurisdiction, this matter should be dismissed without prejudice or remanded. *See Carnegie-Mellon*, 484 U.S. at 357.

Dated this 22nd day of November 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE